# EXHIBIT 1

Case 2:19-cv-00882   Document 1-1   Filed 12/10/19   Page 1 of 20 PageID #: 5

SERVE

## SUMMONS

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ROBIN BAILEY, as the
PERSONAL REPRESENTATIVE
of the ESTATE OF ZACHARY A. BAILEY,

CIVIL ACTION NO. 19-C-1163
Salango

v.

SERVE:
Joseph Wood
1 Lois Lane
Greenwood, WV 26415

WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION,
JOSEPH WOOD, in his individual capacity and
as an employee and agent of the entity, and
JOHN/JANE DOE, unknown employees or
agents of the above entity, in their individual
capacities, and as employees or agents of the
above entity,

Defendants/Respondents.

**To the above-named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon, L. Danté diTrapano, plaintiff's attorney, and Calwell Luce diTrapano PLLC, whose address is 500 Randolph Street, Charleston, West Virginia 25302, an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve an answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 11.26.19

**Cathy S. Gatson, Clerk**

Clerk of Court  By [signature]

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ROBIN BAILEY, as the
PERSONAL REPRESENTATIVE
of the ESTATE OF ZACHARY A. BAILEY,
    Plaintiff,

v.

Civil Action No.: 19-C- 1143
Judge Salango

WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, JOSEPH WOOD, in his
individual capacity and as an employee and agent
of the above entity, and JOHN/JANE DOE,
unknown employees or agents of the above entity, in
their individual capacities, and as employees or agents
of the above entity,
    Defendants.

## COMPLAINT

Plaintiff, Robin Bailey, as the Personal Representative of the Estate of Zachary A. Bailey, by and through undersigned counsel brings this civil action against the defendants the West Virginia Division of Corrections and Rehabilitation and John/Jane Does. This civil action is brought against the West Virginia Division of Corrections and Rehabilitation for malicious conduct, violations of clearly established laws, negligent hiring, retention, and supervision, and civil rights violations as set forth below. Plaintiff alleges as follows:

### PARTIES

1.    The Plaintiff, Robin Bailey, is the mother of the deceased Zachary A. Bailey, the guardian of Zachary A. Bailey's child and the Personal Representative of the Estate of Zachary A. Bailey. Plaintiff's decedent, Zachary A. Bailey, was incarcerated at West Virginia Division of Corrections and Rehabilitation's facility at the North Central Regional Jail in Grafton, Doddridge

1

County, West Virginia, at the time of the events complained of in this Complaint. Plaintiff is a resident of Kanawha County, West Virginia.

2. Defendant West Virginia Division of Corrections and Rehabilitation (hereinafter referred to as the "WVDCR") is a West Virginia State Agency with the West Virginia Division of Military Affairs and Public Safety.

3. Defendant Joseph Wood is the superintendent of the North Central Regional Jail and Correctional Facility located in Doddridge County, West Virginia. Upon information and belief Defendant Joseph Wood is a resident of West Virginia.

4. Defendants John/Jane Does are unknown employees, representatives, or agents of Defendant West Virginia Division of Corrections and Rehabilitation, whose actions/inactions contributed to and caused the death of Zachary A. Bailey. At the times alleged herein, the decedent, Zachary A. Bailey, was incarcerated as an inmate at the North Central Regional Jail and Correctional Facility.

## JURISDICATION AND VENUE

5. This action seeks damages for violations of the common and statutory laws of the State of West Virginia.

6. Pursuant to W. Va. Code §55-17-3, notice of this action has been properly served upon the chief officer for the government agency defendants and the office of the West Virginia Attorney General.

7. Jurisdiction is proper in the Circuit Court of Kanawha County, West Virginia pursuant to W.Va. Code §51-2-2, and all applicable West Virginia law and as the acts and conduct giving rise to this Complaint occurred in this county and the defendants are either

residents of this county, do business in the county, or are otherwise properly with the jurisdiction of this court.

8. Venue for this action properly lies in Kanawha County under W.Va. Code §14-2-2.

## FACTS

9. Zachary A. Bailey was a 26 year-old father of two year old Connor Bailey and son to Robin Bailey.

10. On July 8, 2019, Zachary A. Bailey was arrested by the police department and taken to Camden Clark Medical Center's Emergency Department located in Parkersburg, West Virginia for clearance prior to incarceration.

11. Zachary A. Bailey was transported to Camden Clark Medical Center at 10:30 am on July 8, 2019. While at Camden Clark Medical, Mr. Bailey complained of lower back pain, pain in both of his knees and wrists from a motor vehicular accident that occurred on July 7, 2019, of which he was the restrained driver.

12. Camden Clark Medical proceeded with trauma protocol and laboratory examinations on Zachary A. Bailey under the direction of Brian K. Richardson, M.D. Dr. Richardson discharged Zachary A. Bailey on July 8, 2019, at approximately 2:50, p.m. with a diagnosis of lumbar strain and instructions to return if his conditions worsen.

13. Camden Clark Medical's laboratory report documents that at the time of Zachary A. Bailey's medical clearance his urinalysis returned positive for Amphetamines, Methamphetamines, and Ecstasy.

14. Zachary A. Bailey was being held for booking at the NCRJ holding cell. A prescreening processing form was date stamped at 8:05, p.m. on July 8, 2019.

3

15. Zachary A. Bailey was confined to a holding cell during his incarceration at NCRJ located in the central booking area.

16. Mr. Bailey was agitated and making incoherent statements while confined to the holding cell.

17. Four correctional officers arrived at the door to the holding cell, at which point in time, two correctional officers entered the holding cell to restrain Zachary A. Bailey.

18. Mr. Bailey resisted the officers in their attempts to subdue him within the holding cell and broke free into the corridor outside of the holding cell.

19. After gaining access to the corridor outside the holding cell, Mr. Bailey was subdued by several correctional officers and placed in a position whereby he was lying face down with his arms spread at a 90 degree angle.

20. A heavy-set officer was lying on top of Plaintiff's decedent, mirroring his position, as the other three correctional officers stood watching.

21. Zachary A. Bailey was heard yelling and pleading with the officer to get off him, indicating that he was clearly in distress and unable to breath.

22. The heavy-set officer was observed lying on top of Zachary A. Bailey, smothering him, even after Mr. Bailey ceased resistance and displayed no signs of further movement or protest.

23. The heavy-set officer continued to sit upon Zachary A. Bailey's limp body even as Mr. Bailey's feet and lower legs were turning blue and he appeared to be in dire respiratory distress.

24. When the heavy-set officer removed himself from Plaintiff's decedent, the correctional officers instructed all inmates to move away from the holding cell window. A

correctional officer then appeared and hung blankets over the holding cell windows in order to prevent observation of their actions and conduct.

25. The blanket placed over the holding cell window was too short to cover the entire glass pane and provided a small area for viewing at the bottom. Correctional officers and medical staff then began attempting life-saving measures on Plaintiff's decedent.

26. Not even three hours from Zachary A. Bailey's initial arrival to the NCRJ, Officer's were observed removing Mr. Bailey's deceased body.

27. A letter of preservation was sent to NCRJ on July 10, 2019, two days after Zachary A. Bailey's death asking for the preservation of all surveillance video depicting the circumstances leading to Mr. Bailey's death.

28. Undersigned counsel has attempted for more than four months to obtain the video footage depicting the circumstances leading to Mr. Bailey's death, all to no avail.

29. On or about November 19, 2019, the WVDCR informed undersigned counsel that the video camera in the booking area at NCRJ on July 8, 2019, was broken and inoperable, therefore no video footage depicting the circumstances leading to Mr. Bailey's death existed.

30. On or about November 19, 2019, the WVDCR informed undersigned counsel that the video camera in the booking area at NCRJ may have been broken for as many as twenty straight days, including the July 8, 2019.

31. It is patently absurd that the WVDCR would permit its equipment to remain inoperable for any period of time, as the video equipment protects not only inmates, but staff and offers a continuous account of the happenings in the booking area.

32. Further, the Superintendent of the North Central Regional Jail and Correctional Facility, Defendant Joseph Wood, allowed the video equipment to become inoperable and failed

to remedy the inoperable equipment for such a lengthy period of time including the time during which the Plaintiff's decedent died.

33. It seems improbable that the WVDCR failed to have functioning video surveillance equipment in the booking area on July 8, 2019.

34. The WVDCR has a duty to inmates to provide adequate care and to ensure that those persons to whom they assign this duty are appropriately providing such care and that they were exercising such duties in a safe manner.

35. Defendant Joseph Wood had a duty to inmates under his custody to provide adequate care and to ensure that those persons to who he assigned such duty were appropriately providing such care and that they were exercising such duties in a safe manner.

## COUNT I - MALICIOUS CONDUCT

36. Plaintiff re-alleges and incorporates by reference, as it is fully set forth herein, all the allegations contained in the above paragraphs of this Complaint.

37. The Defendants, WVDCR, Defendant Joseph Wood, and employees and agents of the NCRJ, failed to oversee the actions/inactions of their employees, representatives and agents in their willful, wanton, and reckless misconduct that resulted in the sudden death of Zachary A. Bailey. As a result of the willful, wanton, and reckless misconduct of the NCRJ and its employees, the Plaintiff has suffered, and continues to suffer damages.

38. The Defendants, WVDCR, failed to oversee the willful, wanton, and reckless misconduct of their employees, representatives and agents resulting in willful, wanton, and reckless misconduct occurring at NCRJ that affected Zachary A. Bailey's care within the jail and treatment and provision for safety during his incarceration. Additionally, WVDCR failed to oversee the functions of NCRJ, and their agents, representatives and employees and failed to

properly ensure that such persons were acting in a proper manner in their treatment of and interactions with Zachary A. Bailey.

39. The Defendant Joseph Wood, Superintendant of the NCRJ, failed to oversee the willful, wanton, and reckless misconduct of the employees, representatives and agents under his supervision resulting in willful, wanton, and reckless misconduct occurring at NCRJ that affected Zachary A. Bailey's care within the jail and treatment and provision for safety during his incarceration. Additionally, Defendant Joseph Wood failed to oversee the functions of NCRJ, failed to supervise and train properly, and failed to properly ensure that such persons were acting in a proper manner in their treatment of and interactions with Zachary A. Bailey.

40. The Defendants, Correctional Officer's John/Jane Does acted willfully, wantonly, and recklessly in their direct mistreatment of and interaction with Zachary A. Bailey.

41. All Defendants, even those not specifically identified in this Count, as detailed throughout this Complaint and in the above factual descriptions and causes of actions, either directly caused damages to the Plaintiff's decedent through their willful, wanton, and reckless misconduct and failed to adequately take steps to care for Plaintiff's decedent Zachary A. Bailey, or are vicariously and strictly liable for the same for the reasons stated throughout this Complaint.

WHEREFORE, Plaintiff Robin Bailey, as the Personal Representative of the Estate of Zachary A. Bailey respectfully demands that she be awarded judgment against NCRJ, and that she and Mr. Bailey's other wrongful death beneficiaries, dependents, and loved ones be compensated—**up to but not exceeding the limits of WVRJCFA's applicable insurance coverage**—for their sorrow and emotional suffering, loss of financial and emotional support, loss of society and companionship, and all other cognizable injuries and losses.

## **COUNT II: VIOLATION OF CLEARLY ESTABLISHED LAWS**

42. Plaintiff re-alleges and incorporates by reference, as it is fully set forth herein, all the allegations contained in the above paragraphs of this Complaint.

43. Article III, Section 5 of the West Virginia Constitution prohibits "cruel and unusual punishment." Article III, Section 10 of the West Virginia Constitution provides: "No person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers."

44. Defendant West Virginia Division of Corrections and Rehabilitation, through its employees and officials, who were acting in their capacity as state officials and employees of WVDCR, and Defendant Joseph Wood, clearly violated the prohibitions in the West Virginia Constitution against cruel and unusual punishment and the deprivation of life without due process and a jury trial by using unnecessary and excessive force in their attempted control of Plaintiff's decedent on July 8, 2019.

45. At all relevant times herein, consistent with the national standard of care for jails, Defendant West Virginia Division of Corrections and Rehabilitation had, and, in its written policies, acknowledged that it had a duty to employ "that level of control required to overcome the level of resistance encountered." West Virginia Regional Jail and Correctional Facility Authority, Policy and Procedure Statement, Document Number 9031 (Effective December 1, 2015).

46. The West Virginia Division of Corrections and Rehabilitation's Policy and Procedure Statements were not only required for compliance with national standards (themselves aimed at complying with similar prohibitions against cruel and unusual punishment and deprivation of due process in the constitutions of other jurisdictions), they were also required by

8

guidelines for the operation of jails promulgated by the West Virginia Jail Facilities Standards Commission pursuant to W. Va. Code § 31-20-9.

47. Defendant West Virginia Division of Corrections and Rehabilitation defined "Force" as "[a]ppropriate controlled response to various levels of subject resistance by means of physical force directed toward another, either by direct physical contact or by the use of authorized security equipment to include but not necessarily limited to baton, munitions, pepper ball technology, and firearm." West Virginia Regional Jail and Correctional Facility Authority, Policy and Procedure Statement, Document Number 9031 (Effective December 1, 2015).

48. At all relevant times herein, Defendant West Virginia Regional Jail and Correctional Facility Authority promulgated guidelines and policies for the use of force by Regional Jail personnel but completely failed to follow them. West Virginia Regional Jail and Correctional Facility Authority, Policy and Procedure Statement, Document Number 9036 (Effective December 1, 2015).

49. At all relevant times herein, Defendant West Virginia Regional Jail and Correctional Facility Authority promulgated guidelines and policies for the use of force by Regional Jail personnel but completely failed to follow them. West Virginia Regional Jail and Correctional Facility Authority, Policy and Procedure Statement, Document Number 9036 (Effective December 1, 2015).

50. Defendant West Virginia Division of Corrections and Rehabilitation's policy required it "to use the least amount of force reasonably necessary when resolving situations involving confrontation or aggression by inmates, safeguarding inmates from themselves or a third party and when the need to restore order exists." West Virginia Regional Jail and

Correctional Facility Authority, Policy and Procedure Statement, Document Number 9031 (Effective December 1, 2015).

51. At all relevant times herein, Defendant West Virginia Division of Corrections and Rehabilitation and its employees and agents were required to cease the application of force once the resistance of Plaintiff's decedent had ceased. West Virginia Regional Jail and Correctional Facility Authority, Policy and Procedure Statement, Document Number 9031 (Effective December 1, 2015). Notwithstanding these guidelines and these acknowledged duties, these Defendants and their employees and agents failed to cease the application of force once Plaintiff's decedent's resistance had ceased, because he was crushed and suffocated by NCRJ staff.

52. At all relevant times herein, Defendant Joseph Wood and the John/Jane Doe Defendants were required to cease the application of force once the resistance of Plaintiff's decedent had deceased. West Virginia Regional Jail and Correctional Facility Authority, Policy and Procedure Statement, Document Number 9031 (Effective December 1, 2015). Notwithstanding these guidelines and these acknowledged duties, these Defendants failed to cease the application of force once Plaintiff's decedent's resistance had ceased, because he was crushed and suffocated by NCRJ staff.

53. Defendant West Virginia Division of Corrections and Rehabilitation, Defendant Joseph Wood, and the John/Jane Doe Defendants negligently, recklessly, and maliciously failed to exercise reasonable care with respect to the aforementioned duties.

54. Defendant West Virginia Division of Corrections and Rehabilitation, Defendant Joseph Wood, and the John/Jane Doe Defendant's actions towards the decedent clearly violated the clearly established constitutional protections against cruel and unusual punishment and

deprivation of life without due process in that they used force which was unnecessary and excessive.

55. As a direct and proximate result of Defendant West Virginia Division of Corrections and Rehabilitation Defendant Joseph Wood, and the John/Jane Doe Defendant's clear violation of clear West Virginia constitutional provisions, Zachary A. Bailey died on July 8, 2019.

WHEREFORE, Plaintiff Robin Bailey, as the Personal Representative of the Estate of Zachary A. Bailey respectfully demands that she be awarded judgment against the Defendants, and that she and Mr. Bailey's other wrongful death beneficiaries, dependents, and loved ones be compensated—**up to but not exceeding the limits of WVDCR's applicable insurance coverage**—for their sorrow and emotional suffering, loss of financial and emotional support, loss of society and companionship, and all other cognizable injuries and losses.

## COUNT III: NEGLIGENT HIRING, RETENTION AND SUPERVISION

56. Plaintiff re-alleges and incorporates by reference, as it is fully set forth herein, all the allegations contained in the above paragraphs of this Complaint.

57. Defendant WVDCR and Defendant Joseph Wood were negligent in the hiring and/or retention of Defendants John/Jane Doe and other employees, representatives and agents that caused or contributed to the inadequate care and ultimate death of Zachary A. Bailey.

58. Defendants failed to properly supervise Defendant Doe and other employees, representatives and agents to ensure that they would not create an unsafe environment for Plaintiff's decedent Zachary A. Bailey and to ensure that the negligent and tortious conditions and malicious conduct described in this complaint would not occur.

59. Defendants are vicariously and strictly liable for all negligence, tortious conduct, malicious conduct, and actions/inactions of Defendant Doe and all of their other employees, representatives and agents that contributed to or caused the injuries and death of Zachary A. Bailey and damages to Plaintiff.

60. As a proximate result of Defendants' actions, Zachary A. Bailey died, for which Plaintiff should be compensated.

61. Consequently, Plaintiff seeks to recover damages for the pain and suffering and death of Mr. Bailey, which was proximately caused by Defendants.

62. Defendants' actions were willful, wanton, and/or undertaken with reckless disregard and/or reckless indifference to the rights of Zachary A. Bailey, entitling Plaintiff to punitive damages in an amount to be determined by the jury.

63. With respect to WVDCR, the Plaintiff only seeks recovery up to but not exceeding the limits of any and all applicable insurance policies.

64. WHEREFORE, Plaintiff Robin Bailey, as the Personal Representative of the Estate of Zachary A. Bailey respectfully demands that he be awarded judgment against Defendants in an amount to fully compensate him for his losses, including but not limited to Plaintiff's pain and suffering, medical expenses, and all other losses recoverable in law, including punitive damages, if allowed by law, together with prejudgment and post-judgment interest, his costs expended in the prosecution of this lawsuit, including reasonable attorney fees, and for such other and further relief as the Court may deem proper.

## COUNT IV: CIVIL RIGHTS STATUTORY AND CONSTITUTIONAL VIOLATIONS

65. Plaintiff re-alleges and incorporates by reference, as it is fully set forth herein, all the allegations contained in the above paragraphs of this Complaint.

66. This Count derives from 42 U.S.C.A. § 1983 and the 8th Amendment of the United States Constitution.

67. At all relevant times, Defendants were "persons" for purposes of 42 U.S.C.A. § 1983 and acted under color of law to deprive Plaintiff's decedent of his constitutional rights, on the basis of the facts alleged above.

68. Defendants were aware of, and acquiesced in, the unconstitutional conditions and restrictions and deprivations of Decedent's confinement and denial or neglect of basic and humane need for medical care and treatment.

69. In varying degrees, Defendants subjected or caused Decedent to be subjected to the unconstitutional conditions, restrictions, and deprivations of Decedent's confinement and denial or neglect of his basic, humane need for medical care and treatment.

70. Each of the unconstitutional conditions, restrictions and depravations during Plaintiff's decedent's confinement demonstrated deliberate indifference and a reckless failure of official policies, customs, or practices of the State of West Virginia and its regional jail system.

71. The Defendants demonstrated deliberate indifference to the medical needs of Plaintiff's decedent.

72. Medical attention and care at the jail was wholly inadequate. The deficiencies were systematic.

73. The confinement of Plaintiff's decedent was such that it amounted to cruel and unusual punishment.

74. All acts of the Defendants were done under color and pretense of the statutes, regulations, customs, and usages of the State of West Virginia and its regional jail system.

75. As a proximate result of the constitutional violations described herein, the Plaintiff's decedent died unnecessarily and in a cruel and unusual manner.

76. Plaintiff is entitled to all damages allowed by law from all Defendants for the Decedent's death resulting from his cruel and unusual punishment inflicted under color of law and attributable to the gross neglect and indifference that denied him basic humane medical care, medicine and treatment.

## COUNT V (Violations of the West Virginia State Constitution)

77. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the above paragraphs of the Complaint.

78. Count V alleges a state constitutional tort action against Defendants under the West Virginia Constitution pursuant to the common law of West Virginia and specifically is not filed pursuant to any federal statute.

79. The actions of the Defendants violated the constitutional rights guaranteed to Plaintiff's decedent under Article III, Sections 1, 5, 10 and 14 and Article XII, Section 1 of the West Virginia Constitution.

80. The actions of the Defendants violated the constitutional rights guaranteed to Zachary A. Bailey under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

81. The provisions of the United States Constitution are cited in this count because, with some limited exceptions the rights guaranteed to Zachary A. Bailey under the West Virginia and United States Constitutions are so parallel that the violation of one similarly would constitute the violation of the other. In civil rights litigation, Plaintiffs often cite the state and federal constitutional provisions implicated so that the issues in the case are federalized to allow for

possible review by the United States Supreme Court in the unlikely event that either the trial court or the West Virginia Supreme Court of Appeals interprets a constitutional right contrary to decisions of the United States Supreme Court.

82. By alleging that Defendants violated Zachary A. Bailey's rights under the West Virginia and United States Constitutions, Plaintiff clearly and unambiguously has not created any federal cause of action to warrant the removal of this case to federal court.

83. In fact, in three other cases—Taylor v. Kanawha County Board of Education, Civil Action No. 2:05-00877, Lilly v. City of Clendenin, Civil Action No. 2:05-0303 and McGhee v. City of South Charleston, 2:01-1308—where the defendants removed cases asserting this same or similar state constitutional action, three different judges in the United States District Court for the Southern District of West Virginia concluded that removal was improper and those cases were remanded to state court. In the Taylor case, the District Court awarded attorneys' fees and costs in granting the motion to remand.

84. As a proximate result of Defendants actions, Zachary A. Bailey suffered serious personal injuries and death for which Plaintiff should be compensated.

85. Consequently, Plaintiff seeks to recover damages for all injuries proximately caused by Defendants.

86. Defendants' actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of Zachary A. Bailey.

87. With respect to the West Virginia State Agency defendants, the Plaintiff specifically only seeks recovery up to the limits of the applicable insurance policies.

## COUNT VI (Extreme and Outrageous Conduct; Emotional Distress)

88. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the above paragraphs of the Complaint.

89. Defendants are liable to the Plaintiff under the theory of extreme and outrageous conduct and emotional distress.

90. As detailed throughout this Complaint, the Defendants acted in an extremely negligent manner and violated the appropriate standard of care and otherwise engaging in negligent conduct.

91. As a proximate result of Defendants actions, Zachary A. Bailey suffered serious personal injuries and death for which Plaintiff should be compensated.

92. Defendants' actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of Zachary A. Bailey, entitling Plaintiff to punitive damages in an amount to be determined by the jury.

93. With respect to the West Virginia State Agency defendants, the Plaintiff specifically only seeks recovery up to the limits of the applicable insurance policies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Robin Bailey, as the Administrator of the Estate of Zachary A. Bailey, respectfully demands that she be awarded judgment and that she and Mr. Bailey's son be awarded damages for the following:

94. Damages, as set forth in this Complaint, and all those allowed by law, including, but not limited to: compensatory damages in a sum consistent with the injuries and death of

Zachary A. Bailey; funeral and burial expenses of the decedent; loss of the reasonable earning capacity of the decedent;

95. Judgment for damages against all Defendants on the theory of vicarious and strict liability for the actions of their employees, agents, and representatives that proximately caused the injuries and death of Zachary A. Bailey.

96. Plaintiff also seeks prejudgment interest and post-judgment interest as provided by law and attorney fees and costs.

Plaintiff is seeking recovery up to the limits of the State's applicable insurance policies.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**Respectfully Submitted,**

**ROBIN BAILEY,
By Counsel,**

L. Danté diTrapano, Esq. (WVSB#6778)
Alex McLaughlin, Esq. (WVSB# 9696)
Benjamin Adams, Esq. (WVSB# 11454)
CALWELL LUCE DITRAPANO PLLC
Law and Arts Center West
500 Randolph Street
Charleston, WV 25302
Telephone: (304) 343-4323
Facsimile: (304) 344-3684
*Counsel for Plaintiff*

and

William C. Forbes, Esq. (WVSB# 1238)
W. Jesse Forbes, Esq. (WVSB# 9956)
FORBES LAW OFFICES, PLLC
1118 Kanawha Blvd. East
Charleston, WV 25301

17

Telephone: (304) 343-4050
Facsimile: (304) 343-7450
*Counsel for Plaintiff*